Appellant, Frank Knight, has appealed the judgment of the Court of Common Pleas of Cuyahoga County which reversed the order of the State Personnel Board of Review.
Knight was employed at the Western Reserve Psychiatric Habilitation Center, appellee (hereinafter referred to as Western Reserve), as a Hospital Aide Supervisor II. Effective February 10, 1979, Knight's civil service classification was reduced to a Nursing Associate because of an alleged failure of good behavior and neglect of duty. The reduction order was filed with the State Personnel Board of Review on February 14, 1979.
The reduction order was directed at three alleged incidents. *Page 109 
Two of the incidents involved statements by Knight about sleeping on the job and not performing his duties unless provided transportation by Western Reserve. The last alleged incident was that Knight failed to report to work on January 1, 1979, without first informing Western Reserve. The evidence before the board demonstrated that Knight did not report to work that day, but had entrusted a friend to call Western Reserve on his behalf. His friend failed to make the call.
The hearing examiner, on March 20, 1979, found that Western Reserve failed to prove the first two charges. Nevertheless, he still recommended that the reduction order be affirmed. Objections to his order were filed on March 30, 1979. The State Personnel Board of Review agreed that Western Reserve failed to prove two of the charges, but ruled that reduction of classification was too severe a penalty. Thus, on April 5, 1979, it rejected the hearing examiner's recommendation and modified the penalty to a 30-day suspension. Western Reserve appealed the board's order to the Court of Common Pleas of Cuyahoga County, which, on October 22, 1979, reversed the order of the board. It is from that judgment which Knight takes this appeal.
The sole assignment of error reads as follows:
"The Common Pleas Court erred in reversing the order of the board since that order was supported by reliable, probative, and substantial evidence and was in accordance with law."
The board has explicit statutory authority to modify disciplinary decisions of state agencies. R. C. 124.03(A). In the event an appeal is taken from an order of the board to the Court of Common Pleas, the order of the board must be affirmed if it is supported by reliable, probative and substantial evidence and is in accordance with law. R. C. 119.12. R. C. 119.12 has been interpreted to mean that it is only when the Court of Common Pleas does not find such supporting evidence that it has the power to consider reversal or modification of the order appealed from; and, where such court finds that an order is supported by the evidence, it has no authority to modify the penalty imposed by the board. Henry's Cafe, Inc., v. Board of Liquor Control
(1959), 170 Ohio St. 233. The evidence in the present case supports the board's decision to *Page 110 
suspend Knight rather than to reduce his civil service classification.
Even the hearing examiner, who recommended that reduction be affirmed, found that Western Reserve failed to prove two of the three allegations upon which the disciplinary action was based. He stated that these charges were based on statements concerning future conduct. The only allegation, therefore, even arguably having any merit to it, was the failure of Knight to report for work on January 1, 1979. The uncontroverted evidence revealed, however, that Knight attempted, in good faith, to have his absence reported to his employer by a friend. Indeed, Mr. Tompkins, a witness for Western Reserve, corroborated this testimony when on cross-examination. In light of the fact that Knight has been a loyal employee of the state of Ohio for twelve years, the board's decision to suspend, rather than to impose a reduction in classification, is just and well within its statutory right to modify and is supported by the evidence. As the board indicated in its opinion, if Western Reserve believed Knight's conduct to be so serious, then it should have filed a removal order. Moreover, since the evidence and the hearing officer's decision indicate that Knight's conduct was even less serious than originally believed, a 30-day suspension was an adequate penalty.
Recently, the Ohio Supreme Court stated that where the evidence supports the board's order, the court may not substitute its judgment for the board's. State, ex rel. Ogan, v. Teater
(1978), 54 Ohio St.2d 235. Since, in this case, there is such supporting evidence for the board's order, the Court of Common Pleas should have affirmed it.
For the foregoing reasons, appellant's assignment of error is well taken and the judgment of the Court of Common Pleas of Cuyahoga County is reversed.
Judgment reversed.
STILLMAN, P. J., and SILBERT, J., concur.
BROWN, J., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.
SILBERT, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution. *Page 111